IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:11-CR-44-BO
NO. 2:13-CV-49-BO

| | |
|---|---|
| LEWIS MOORE, III, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's corrected motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 46], the government's motion to dismiss [DE 49], and petitioner's motion to amend his § 2255 motion [59]. A hearing was held on this matter in Raleigh, North Carolina on March 20, 2014.

## BACKGROUND

On April 24, 2012, petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. On August 21, 2012, the Court sentenced petitioner at the bottom of his advisory guideline range to 235 months' imprisonment. On July 18, 2013, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255. On January 24, 2014, the Court entered an order which appointed counsel and set an evidentiary hearing in order to determine the credibility of plaintiff's claim that his counsel failed to file a notice of appeal despite a request to do so. [DE 52]. On March 14, 2014, petitioner filed a *pro se* motion for leave to amend his § 2255 petition.

## DISCUSSION

Petitioner's second claim for relief alleges that he received ineffective assistance of counsel because his lawyer did not file a direct appeal despite petitioner's request that he do so. [DE 46 at 6]. Under 28 U.S.C. § 2255(b), unless the pleadings, files, and records conclusively show that the prisoner is not entitled to relief, the district court shall hold an evidentiary hearing. *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000). The Fourth Circuit has consistently held that there remains "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F. 2d 526, 530 (4th Cir. 1970); *see also United States v. Diaz*, 2013 U.S. App. LEXIS 24134, *2 (4th Cir. Dec. 4, 2013) (unpublished) (quoting *Raines* for the same proposition). A claim that counsel failed to file a notice of appeal when requested is such a claim. *Diaz*, at *2–3. Accordingly, this Court held an evidentiary hearing on the matter.

Petitioner claims that immediately after the sentencing hearing, and before leaving the courtroom, he told his attorney that he would like to appeal. His attorney, however, never followed up with petitioner during the 14 day window to timely file a notice of appeal and never asked petitioner if he would like to appeal. Indeed, petitioner's counsel never even met with petitioner after sentencing. The government has offered no direct evidence, other than petitioner's counsel's faded recollection, that petitioner did not ask or instruct his counsel to file a notice of appeal. This Court finds petitioner's testimony to be credible. The appropriate remedy is to vacate Mr. Moore's sentence and impose a new, identical sentence so that Mr. Moore may, if he so wishes file a direct appeal. *See United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Mongold*, 259 F. App'x 539, 540 (4th Cir. 2007) (listing cases). The Court notes

2

that this remedy renders the remainder of petitioner's § 2255 petition moot. A § 2255 petition cannot be filed before the judgment of conviction becomes final. The earliest petitioner's judgment of conviction will become final in this instance is 14 days from the entry of this order. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003) (finding if the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires); FED. R. APP. P. 4(b) (a defendant has 14 days from the entry of judgment to file a direct appeal of a criminal judgment). Therefore, the Court dismisses petitioner's § 2255 claims without prejudice so that he may raise them at a later date if he so wishes consistent with 28 U.S.C. § 2255. Similarly, petitioner's motion to amend is denied as futile, as, if allowed, it would similarly be denied without prejudice as moot.

## CONCLUSION

For the foregoing reasons, the Clerk is DIRECTED to VACATE the judgment of conviction entered in this matter on August 21, 2012, and to re-enter a new, identical judgment of conviction from which Mr. Moore may appeal consistent with the Federal Rules of Appellate Procedure. Mr. Moore's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is therefore DISMISSED WITHOUT PREJUDICE as MOOT. The motion to amend is DENIED as FUTILE. Mr. Tarleton will remain as petitioner's counsel through the filing of the notice of appeal.

SO ORDERED.

This the _24_ day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3